98-00780 Martinez v State of Texas.wpd



No. 04-98-00780-CR

Martha MARTINEZ,
Appellant

v.

The STATE of Texas,

Appellee

From the 227th Judicial District Court, Bexar County, Texas

Trial Court No. 98-CR-2144

Honorable Pat Priest, Judge Presiding

Opinion by: Alma L. López, Justice

Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Alma L. López, Justice

Delivered and Filed: October 13, 1999

AFFIRMED

 Martha Martinez was charged with the offense of possession of a controlled substance, less
than one gram. Martinez filed a motion to suppress the physical evidence seized in connection with
her arrest and an evidentiary hearing was conducted on the motion. At the conclusion of the hearing,
the trial court denied the motion to suppress. Martinez then pled guilty to the charge pursuant to a
plea bargain. Under the terms of the plea agreement, Martinez was placed on probation and her
adjudication was deferred for four years.

 In this appeal, Martinez challenges the trial court's ruling on the motion to suppress.
Martinez contends that the trial court erred because the police officers who initially detained her did
not have reasonable suspicion to justify their investigation, and because the officers arrested her
without probable cause.(1) Because we disagree, we affirm.

Standard of Review

 Reviewing courts must afford almost total deference to the trial court's rulings on the
application of law to fact questions, or "mixed questions of law and fact," if the resolution of those
ultimate questions turns on an evaluation of credibility and demeanor of witnesses. Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The reviewing court, however, may review de novo
"mixed questions of law and fact" not falling within this category. Where only the arresting officer
testifies during a motion to suppress, as in this case, the issues of reasonable suspicion and probable
cause do not turn upon the credibility and demeanor of the witness because the officer must provide
specific, objective and articulable facts to support lawful actions. See United States v. Cortez, 101
S.Ct 690, 694-95 (1981) (requiring particularized and objective basis for suspecting detained person
of involvement in criminal activity); Guzman, 955 S.W.2d at 87 (discussing probable cause as issue
that does not turn on credibility and demeanor of witnesses). Because Martinez challenges both of
these issues--reasonable suspicion and probable cause--on appeal, we review the evidence de novo.


Reasonable Suspicion to Detain

 One of two police officers who initially detained Martinez testified during the hearing on the
motion to suppress. In her first issue, Martinez argues that the facts adduced from this hearing show
that the officers initially contacted her solely because her legs were sticking out of the passenger
window of a vehicle. Because she argues that the officers did not have reasonable suspicion to
suspect she was engaged in criminal activity at that point, she contends the trial court erred by
denying her motion to suppress the physical evidence seized by the police; specifically, a small
packet of heroin. Thus, we must determine whether the police had reasonable suspicion to detain
Martinez.

 A police officer is authorized to stop and briefly detain a person if he has reasonable
suspicion based upon the totality of specific, objective, and articulable facts to believe the person is
about to commit, or is committing, an offense. Cortez, 101 S.Ct at 694-95. In this case, Officer
Charles Echevarria, a San Antonio police officer, testified that he and his partner were on bike patrol
at Woodlawn Lake when they observed a vehicle approach the casting pond. According to
Echevarria, a pair of legs were extending from the passenger window of the vehicle. The officers
then approached the vehicle to determine why the passenger was riding in the vehicle in that manner.
Before the officers reached the vehicle, the vehicle stopped and Martinez exited the vehicle. In
Echevarria's words, "[w]hen she exited the vehicle, she made a motion as if trying to attempt to
throw something out toward the bottom." Echevarria further testified that, after the officers had
approached the parked vehicle, Martinez became very nervous. He described Martinez as:
"Stuttering, kind of shaken, like with her eyes like what's going on? I didn't do nothing wrong type
motions- mannerisms." Echevarria then picked up the object that Martinez had thrown to the
ground. He described the item as "a clear plastic bag with a white powdery substance inside." The
appearance of the substance, coupled with Martinez's mannerisms and the fact that she had discarded
the item, led Echevarria to believe that the powdery substance was either heroin or cocaine. At this
point, Echevarria stated, "[w]e lawfully detained her. We placed her in handcuffs. Then questioned
her as to her identity." After Martinez provided the name of "Eva Gonzalez" and several different
dates of birth, Echevarria called for a female officer to conduct a search. The female officer, in turn,
called for a detective who field tested the powdery substance and determined that the substance was
heroin.

 The above testimony constitutes particularized and objective facts that support reasonable
suspicion to suspect a person was engaged in criminal activity, specifically that Martinez was in
possession of a controlled substance. Although Martinez argues that her detention was unlawful
because the officers initially contacted her solely because her legs were sticking out of the passenger
window of a vehicle, the officers did not detain Martinez until they observed Martinez exit the
vehicle, throw something to the ground, and act nervously. The fact that the officers initially
noticed Martinez because of the "legs" does not make her subsequent detention unlawful. Observing
a pair of human legs extending from the window of a moving vehicle is enough to arouse the natural
curiosity of most people, and to cause a person to investigate further. Certainly, as an ordinary
person, a police officer is as free to approach, and investigate, such a curious sight as any another
citizen. Florida v. Royer, 103 S.Ct. 1319, 1334 (1983) (law enforcement officers do not violate
Fourth Amendment merely by approaching an individual); see Adams v. Williams, 92 S.Ct. 1921,
1923 (1972) (officer may briefly stop suspicious individual to determine his identity or to maintain
status quo momentarily while obtaining more information). Consequently, the officers did not act
unlawfully just because they chose to investigate why Martinez was traveling in the vehicle in that
manner. Because Officer Echevarria provided particularized and objective facts that supported
reasonable suspicion that Martinez possessed a controlled substance, the trial court did not err by the
denying the motion to suppress. We overrule Martinez's first issue.

Probable Cause to Arrest

 In her second issue, Martinez complains that she was arrested without probable cause. For
an arrest to be lawful, the arresting officer must have reasonably trustworthy information that would
justify a reasonable and prudent person to believe that the suspected person has committed or is
committing a crime. Brinegar v. United States, 69 S.Ct. 1302, 1310-11 (1949). In this case, a
detective tested the powdery substance at the scene of Martinez's detention and determined it to be
a controlled substance. At this point, the police had probable cause to believe that Martinez
possessed a controlled substance, and as a result, the officers had probable cause to arrest Martinez.
Because probable cause supported the arrest, we overrule Martinez's second issue.

Conclusion

 Having overruled both of Martinez's issues on appeal, we affirm the judgment of the trial
court.


 Alma L. López, Justice

DO NOT PUBLISH


1. These issues are properly before this court on appeal because the issues were raised by written motion and ruled
on before trial. See Tex. R. App. Proc. 25.2(b)(3)(B).